IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division
F I L E D
NOV 19 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Jamie Kuhne,<br>    Plaintiff,<br><br>v.<br><br>Harold W. Clarke, et al.,<br>    Defendants. | 1:11cv1218 (LMB/IDD) |

## MEMORANDUM OPINION

Jamie Kuhne, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated in numerous respects during his former incarceration at the Fairfax Adult Detention Center ("FADC").[1] Because plaintiff's initial complaint was not filed in compliance with Fed. R. Civ. P. 10(b) and 8(a), plaintiff was directed to submit an amended complaint using a standard § 1983 complaint form, which would become the sole operative complaint in the action. In addition, plaintiff was instructed to sign and return a Consent Form, and he has complied with those directions. After careful review of the amended complaint, claims one through five will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[2] In addition, defendants Governor Bob

---

[1] Plaintiff has notified the Court that he is now confined in the custody of the Virginia Department of Corrections, at Haynesville Correctional Center.

[2] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief

McDonnell and Harold W. Clarke will be dismissed as parties to the action. Plaintiff will be directed to particularize and amend his claim that he was subjected to unconstitutional conditions of confinement while in isolation at FADC, and his institution will be requested to supply plaintiff's current financial information.

Plaintiff alleges in the amended complaint that he became a member of the "suspect class" of "indigent pretrial detainees" when he was arrested in December, 2009. Because of his inability to afford legal representation, plaintiff allegedly was unable to protect himself from state actions that operate to indigents' disadvantage. After a jury trial resulted in plaintiff's conviction of unspecified offenses in October, 2010 and sentencing in March, 2011, he allegedly became a member of a second suspect class, namely that "Virginia felons." Based upon those circumstances, plaintiff asserts several claims with what he characterizes as a "common thread" of civil rights violations. Specifically, plaintiff alleges claims that defendants: (1) implemented laws and policies that "serve as a punitive barrier to [his] constitutional right to a jury trial;" (2) allow the implementation and enforcement of laws that "serve as a punitive barrier to [plaintiff's] constitutional right to appeal" his conviction; (3) allow the implementation and enforcement of Virginia laws that have punished plaintiff by revoking his voting rights; (4) violated the equal protection guarantee by allowing plaintiff to remain in the Fairfax Adult Detention Facility although he is a convicted felon, which resulted in plaintiff experiencing "substantially worse conditions of confinement;" (5) charged plaintiff a daily fee which interfered with plaintiff's attempt to declare bankruptcy; and (6) caused plaintiff to be held in solitary confinement, where he was subjected to unconsituitonal conditions of confinement and which amounted to cruel and unusual punishment. The named defendants are Fairfax County Sheriff Stan G. Barry; Governor

---

can be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

Bob McDonnell; and Harold W. Clarke, Director of the Virginia Department of Corrections.

### A. Claims 1 Through 5 Fail to State a Claim for § 1983 Relief

In his first claim, plaintiff alleges that defendants have implemented laws and policies that "serve as a punitive barrier to [his] constitutional right to a jury trial." Am Compl. at 6. According to plaintiff, "Virginia Code 53.1-187 and 53.1-202 mean that every 30 days delay until final resolution of [his] criminal case will penalize [him] with additional days of actual incarceration." Plaintiff asserts that "pleading not guilty instead of guilty takes longer to resolve a case and hence means longer imprisonment," which "forc[es him] as an indigent to spend more total days incarcerated." Am. Compl. at 6. Plaintiff's reasoning in this regard is difficult to follow, but appears clearly to be incorrect. Va. Code 53.1-187, entitled "credit for time spent in confinement while awaiting trial," provides in relevant part that "[a]ny person who is sentenced to a term of confinement in a correctional facility shall have deducted from any such term all time actually spent by the person in ... a state or local correctional facility awaiting trial." Therefore, accepting as true plaintiff's hypothesis that "pleading not guilty instead of guilty takes longer to resolve," the total time an inmate spends in confinement nonetheless is not affected, because the time "actually spent" in local custody is credited against a subsequent term of imprisonment in a correctional facility. Va. Code 53.1-202 governs eligibility for earned sentence credit "following entry of a final order of conviction," and does not appear to pertain to plaintiff's period of detention at FADC. At any rate, plaintiff's first claim taken as a whole states no claim for § 1983 relief, and accordingly will be dismissed pursuant to § 1915A.

In his second claim, plaintiff alleges that defendants allow the implementation and enforcement of laws that "serve as a punitive barrier to [plaintiff's] constitutional right to appeal" his conviction. Am. Compl. at 6. Plaintiff essentially reiterates the same allegations he made in connection with claim one, except that he contends here that Virginia Code 53.1-187 and 53.1-

3

202 will "penalize [him] with additional days of incarceration" while he appeals his conviction. For the reasons stated above, these allegations fail to state a claim for which relief can be granted, so claim two will be dismissed pursuant to § 1915A.

In his third claim, plaintiff argues that his constitutional rights are violated by the revocation of his "citizenship voting rights," Am. Compl. at 7 - 8, and he seeks injunctive and declaratory relief regarding the alleged unconstitutionality of the laws which disenfranchise convicted felons. However, this Court is bound by Supreme Court precedent which holds otherwise. See Richardson v. Ramirez, 418 U.S. 24, 54 (1974) (finding that the Fourteenth Amendment supports denial of convicted felons' voting rights). Therefore, claim three will be dismissed for failure to state a claim pursuant to § 1915A.

Plaintiff alleges in his fourth claim that his right to equal protection was violated during his incarceration at the FADC, because his conditions of confinement there were "substantially worse" than those experienced by inmates housed in VDOC facilities. Am. Compl. at 9. Plaintiff sets out a number of examples of these allegedly disparate conditions, including lack of regular access to sunlight, denial of contact visits, shorter length of permitted visiting time, denial of access to music and radios, denial of access to art supplies, technical training, and educational opportunities, denial of the ability to receive handmade cards and drawings from his children, and more irregular mealtimes. Am. Compl. at 9 - 10. As relief, plaintiff seeks "declaratory and injunctive relief that defendants adjust these policies and procedures...." Am. Compl. at 10. Because plaintiff is no longer confined at FADC and seeks only declaratory and injunctive relief from the conditions he experienced there, his claim is moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the out-come." Powell v. McCormack, 395 U.S. 486, 496 (1969). Where an inmate challenges prison policies or conditions, his transfer or release moots his claims for injunctive and declaratory relief from

those policies or conditions, even if his claims for damages survive. See, e.g., Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007), cert. denied, 128 S. Ct. 2056 (2008) (appeal from denial of a First Amendment challenge to ban on maximum security inmates' receipt of certain publications dismissed as moot following plaintiff's release); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (holding that a prisoner's transfer mooted claims for declaratory and injunctive relief). The exception to the mootness doctrine of cases which are capable of repetition, yet evading review, Spencer v. Kemna, 523 U.S. 1, 8 (1998); Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986), does not apply in such instances, because once a prisoner is released from custody the challenged policies or conditions will never again apply to him "save some serious misstep on his part." Incumaa, 507 F.3d at 282. Therefore, plaintiff's fourth claim seeking declaratory and injunctive relief regarding the conditions of his confinement at FADC will be dismissed as moot.[3]

In his fifth claim, plaintiff seeks injunctive relief and monetary damages against Sheriff Barry for allowing FADC to charge plaintiff a daily fee during his incarceration, which allegedly interfered with plaintiff's ongoing bankruptcy proceedings. Several courts have considered the constitutionality of such fees charged by penal institutions, and have "consistently found no constitutional impediment" to such practices. See Tillman v. Lebanon Corr. Facility, 221 F.3d 410, 416 n. 3 (3d Cir. 2000); Waters v. Bass, 304 F. Supp.2d 802, 807- 08 (E. D. Va. 2004). In

---

[3]Even if plaintiff's claim of unequal conditions of confinement at FADC were not moot, it still would be subject to dismissal for failure to state a claim. Confinement does not strip inmates of all liberty interests, and the due process clause of the Fourteenth Amendment mandates procedural safeguards before an inmate can be punished by conditions so dramatically different from the basic range of constraints contemplated by his sentence. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). However, the Supreme Court recognized in Sandin that such liberty interests "will generally be limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause by its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. The conditions plaintiff alleges in claim four do not meet that test.

Waters, this Court reviewed a one-dollar daily fee charged to inmates at the Virginia Beach City Jail and found that it did not constitute cruel and unusual punishment or an excessive fine in violation of the Eighth Amendment. Id. The Court rejected arguments that the fee violated the due process and equal protection guarantees, id. at 809 - 12, and further found that it was reasonably related to a legitimate penological interest. Id. at 812 (noting that the fee served to defray taxpayer liability for the cost of incarcerating criminals, engendered fiscal responsibility in inmates, and likely contributed to the overall well-being of local inmate populations because fees are used for general jail purposes). Even if true, plaintiff's argument that use of his inmate funds to pay the daily fee violated the terms of the Chapter 7 bankruptcy proceedings he underwent in 2010 does not change this result, because a § 1983 cause of action will lie only to vindicate a plaintiff's federal constitutional rights. West, 487 U.S. at 42. Accordingly, plaintiff's claim that he was constitutionally aggrieved by the daily fee he was required to pay at FADC will be dismissed pursuant to § 1915A for failure to state a claim.

B. Plaintiff States No Claim Against Defendants McDonnell and Clarke

To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against him. Here, plaintiff has sued the named defendants on the basis of their supervisory positions. Am. Compl. at 6. Supervisory officials may be held liable only in certain circumstances for constitutional injuries inflicted by their subordinates. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability is not premised on respondeat superior, but upon "a recognition that supervisory indifference or

tacit authorization of subordinates misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slakan, 737 F.2d at 372-73). To establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799 (citations omitted). Here, plaintiff offers no facts whatever to demonstrate that these factors were present as to Governor McDonnell or Director Clarke. Therefore, they will be dismissed as parties to the action.

### C. Plaintiff Must Provide Additional Information Regarding Claim Six

In his sixth claim, plaintiff alleges that Sheriff Barry and other unknown defendants were responsible for unconstitutional conditions of confinement plaintiff suffered while he was detained in solitary confinement at FADC. Plaintiff states that he was held in a basement cell for multiple days, and that during that period he had no furniture, running water, blankets, mattress or personal hygiene items. Am. Compl. at 12. The toilet consisted of a barred hole in the corner of the room without toilet paper. Id. Morever, the lights were kept on continuously, and plaintiff could only sleep for a few minutes at a time because he had to sleep with his "bare skin directly on the cold hard floor," and he "would wake up shivering from heat loss." Id. Plaintiff experienced "extreme thirst" because he "kept asking for water and no one would bring [him] any," and because he had no way to wash his hands when they became contaminated with fecal matter. Id. Plaintiff was reluctant to eat the sandwiches he received at mealtimes because his hands were filthy, but he was told he would be force fed if he did not eat. Id. Because plaintiff seeks an award of compensatory and punitive damages, the claim is not moot despite plaintiff's

transfer from the FADC. Cf. Incumaa, 507 F.3d at 286-87.

To establish a claim for cruel and unusual punishment due to conditions of confinement, a plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need, that is, one causing serious physical or emotional injury, and (2) that prison officials were deliberately indifferent to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991). To meet the first prong, plaintiff must allege facts sufficient to show that the condition complained of was a "sufficiently serious" deprivation of a basic human need. Farmer v. Brennan, 511 U.S. 825, 825 (1994) (citing Wilson, 501 U.S. at 298). Only extreme deprivations will make out an Eighth Amendment claim, and it is plaintiff's burden to allege facts sufficient to show that the risk from the conditions of his confinement was so grave that it violated contemporary notions of decency and resulted in serious or significant physical or emotional injury. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Strickler v. Waters, 989 F.2d 1375, 1379-81 (4th Cir. 1993). To meet the second prong, plaintiff must allege facts sufficient to show that defendants were deliberately indifferent, that is, that they knew of facts from which an inference could be drawn that a "substantial risk of serious harm," was posed to his health and safety, that they drew that inference, and then disregarded the risk posed. Farmer, 511 U.S. at 837. Here, plaintiff's allegations do not meet the second prong of this test, but as he is acting pro se, he will be allowed an opportunity to particularize and amend his allegations, to state a claim for which § 1983 relief is available.

## Conclusion

For the foregoing reasons, claims one through five will be dismissed for failure to state a claim, and defendants Governor Bob McDonnell and Harold W. Clarke will be dismissed as parties to the action. Plaintiff will be directed to particularize and amend his claim that he was subjected to unconstitutional conditions of confinement while in isolation at FADC, and his

institution will be requested to supply plaintiff's current financial information. An approrpiate Order shall issue.

Entered this 19th day of November 2012.

Alexandria, Virginia

/s/ *[signature]*
Leonie M. Brinkema
United States District Judge